## Court of Common Pleas, Fairfield County, Lancaster, Ohio
# SUMMONS
Rule 4 1970 Ohio Rules of Civil Procedure
**Case No. 2023 CV 00054**
**JUDGE DAVID A TRIMMER**


**STEPHEN PAGE**                               **2225 TAYLOR PARK DRIVE**
                                               **REYNOLDSBURG OH 43068**


**Plaintiff**
**vs.**

**AMERICAN OCCUPATIONAL THERAPY**              **6116 EXECUTIVE BOULEVARD**
**ASSOCIATION**                                **SUITE 200**
                                               **NORTH BETHESDA MD 20852-5736**


**Defendant**


To the above named defendant AMERICAN OCCUPATIONAL THERAPY ASSOCIATION;

You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this court by the plaintiff named herein.

You are required to serve upon the plaintiff attorney, or upon the plaintiff if he has no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this court within three days after service on Plaintiff's attorney is as follows:

**MATTHEW R CHASAR**
**REARDON & CHASAR LPA**
**455 DELTA AVENUE, SUITE 108**
**CINCINNATI, OH 45226-1127**

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

Branden C. Meyer, Clerk

By _Dawna Jones_
Deputy

**EXHIBIT**
**1**

CASE NO. 2023 CV 00054
JUDGE DAVID A TRIMMER

## RETURN OF SERVICE

I received this summons on _____ and made

☐ PERSONAL SERVICE

☐ RESIDENCE SERVICE, address: -

_____

☐ FAILED TO SERVE, for the following reason(s):

_____

_____

_____;

upon the Defendant(s) _____ a copy of the

summons and accompanying documents.

Date served: _____

Date failed to serve: _____

By: _____
      (PRINT) Sheriff, Bailiff, Process Server

      _____
      (SIGNATURE) Sheriff, Bailiff, Process Server

**Fees:**

Service     $_____
Mileage    $_____
Total       $_____

**IN THE COURT OF COMMON PLEAS**
**FAIRFIELD COUNTY, OHIO**

STEPHEN PAGE
2225 Taylor Park Drive
Reynoldsburg, Ohio, 43068

        Plaintiff

v.

AMERICAN OCCUPATIONAL
THERAPY ASSOCIATION
6116 Executive Boulevard Ste 200
North Bethesda, MD 20852

        Defendant.

CASE NO. 23 CV 054

(Judge **JUDGE TRIMMER**)

**COMPLAINT FOR TEMPORARY**
**RESTRAINING ORDER,**
**PRELIMINARY INJUNCTION,**
**PERMANENT INJUNCTION AND**
**DAMAGES**

*(stamp: 2022 JAN 30: AM 10: BRANDEN C. MEYER CLERK OF COURTS FAIRFIELD OHIO)*

## NATURE OF THE ACTION

1.    This is an action brought by Plaintiff Stephen Page to prohibit the American Occupational Therapy Association, after violating its Enforcement Procedures ("Procedures") and Code of Ethics ("Code"), from publishing its decision of revocation of Dr. Page's membership within this association. Defendant repeatedly and flagrantly violated its Procedures throughout its investigation and in reaching not only a flawed decision, but one that has denied Dr. Page fundamental fairness and violated his due process rights. Dr. Page seeks damages for breach of contract and due process violation and injunctive relief prohibiting Defendant from publishing the findings of its flawed investigation and rendering it meaningless.

## INTRODUCTION AND THE PARTIES

2.    Plaintiff Stephen Page ("Dr. Page") is an individual who works in Fairfield County, Ohio as set forth in the caption. Dr. Page is a PhD. with a Masters in Science and a Fellow of the American Occupational Therapy Association.

3. Defendant American Occupational Therapy Association (the "AOTA" or "Defendant") is a private professional organization for occupational therapy practitioners.

4. Jurisdiction is properly lodged in this Court under R.C. 2305.01. Defendant has numerous contacts with Ohio, including sending documents into Ohio, directing business communications into Ohio, receiving compensation from individuals in Ohio, and purporting to govern individuals located in Ohio. Accordingly, Defendant has transacted business in, contracted to supply services in, engaged in a persistent court of conduct with, and derived substantial revenue from services rendered in Ohio under R.C. 2307.382(A). Further Defendant has sufficient minimum contact with Ohio so that maintaining this action comports with traditional notions of fair play and substantial justice. Jurisdiction is therefore proper under R.C. 2307.382 and the 14th Amendment to the United States Constitution.

5. Venue is properly lodged in this Court under Rule 3(C) of the Ohio Rules of Civil Procedure as Fairfield County is where all or part of Plaintiff's claim for relief arose.

## BACKGROUND

6. Plaintiff hereby incorporates by reference all allegations as if fully rewritten herein.

7. Dr. Page is a stroke rehabilitation therapist who provides rehabilitation and improved quality of life services to patients through individual consultation and training to healthcare providers. Dr. Page travels throughout the country and trains other healthcare providers on how to better provide patient care for stroke survivors. His program culminates in a certificate in stroke rehabilitation. He and his team have trained several thousand therapists.

2

8.    Dr. Page was a member of Defendant AOTA at various times.  He was previously awarded the designation of Fellow of the American Occupational Therapy Association (FAOTA), which is a designation awarded by Defendant for making a significant contribution to the profession of occupational therapy.  He has achieved numerous other awards for his work and is internationally recognized for his contributions in the field of rehabilitation.

9.    The AOTA is a private organization that publicly claims to be the "guiding light for the occupational therapy profession."

10.    On or about July 20, 2021, the AOTA's Ethics Commission initiated a "Formal Complaint of Alleged Violation of the *Occupational Therapy Code of Ethics*" (the "Complaint") against Dr. Page.  The Complaint is not provided because it is confidential and reasonably believed to already be in Defendant's possession.

11.    The Complaint required the AOTA to "**Summarize** in a written attachment the **facts and circumstances, including dates and events**, that support a violation of the [Code] and this complaint."  *See* Complaint (emphasis in original).

12.    The filed Complaint did not summarize the facts and circumstances that support a violation of the Code by Dr. Page.

13.    The filed Complaint did not state Code's Standards of Conduct that were violated by Dr. Page.

14.    The Complaint also had to meet the standards set forth in the Procedures. Under the Procedures Section 1.2.1:

> All complaints must be submitted to the Ethics Office at AOTA using the Formal Statement of Complaint Form (available on the AOTA website and from the Ethics Office). Complainants must complete the form in its entirety, including the following elements:

3

1. Complainant's full name and contact information (anonymous submissions will not be accepted)
2. Respondent's full name and contact information when available
3. **Alleged violations of Standards of Conduct from the Code**
4. Signature or e-signature
5. **Supporting documentation**.

(emphasis added).

15.    The Complaint failed to attach all supporting documentation.

16.    On or about September 14, 2021 the AOTA sent a letter to Dr. Page enclosing the above-mentioned Complaint (the "September 2021 Letter"). The September 2021 Letter is not attached because it is confidential and reasonably believed to already be in Defendant's possession. The September 2021 Letter falsely claimed that "the current Enforcement Procedures for the Occupational Therapy Code of Ethics" were enclosed, but they were not. The September 2021 Letter indicates that the "Enforcement Procedures were established to ensure due process for all concerned parties."

17.    Neither the Complaint nor the September 2021 Letter disclosed the principles and standards of the Code that were claimed to be violated nor the facts and circumstances supporting these supposed violations.

18.    Because of this, on or about October 27, 2021, Dr. Page caused a letter to be sent to the AOTA requesting disclosure of the allegations against him (the "Disclosure Request"). The Disclosure Request is not attached because it is confidential and reasonably believed to already be in the Defendant's possession. The Disclosure Request states in pertinent part:

> Though your letter references a 'potential ethics violation,' and provides the voluminous Occupational Therapy Code of Ethics (2015) (the 'Code'), it never identifies a single of the Principles and Standards of Conduct from the Code that Dr. Page is accused of violating. Thus Dr. Page is not being provide the due process to which he is entitled.

4

The Disclosure Request also requested that the AOTA provide the correct version of the Procedures.

19.     AOTA did not identify any principals or standards of the Code that it claimed Dr. Page had violated until nearly six months after filing the Complaint, when it submitted a letter on or about December 6, 2021 (the "December 2021 Letter"). The December 2021 Letter confirmed that the Complaint was based upon a document that did not exist in July, 2021 when the Complaint was filed.

20.     On or about April 25, 2022, Dr. Page caused a letter to be sent to the AOTA (the "Delay in Violation of Enforcement Procedures Letter"). A copy of the Delay in Violation of Enforcement Procedures Letter is not attached because it is already reasonably believed to be in possession of Defendant. The Delay in Violation of Enforcement Procedures Letter stated in pertinent part:

> You ....indicated that the 2021 Enforcement Procedures controlled[.] * * * * * They provide in relevant part:
>
>> • 2.5.1 The investigation will be completed within ninety (90) calendar days of the Respondent or their designee receiving notification that an investigation is being conducted, unless the EC determines that special circumstances warrant additional time for the investigation. All timelines noted here can be extended for good cause at the discretion of the EC, including the EC's schedule and additional requests of the Respondent. The Respondent and the Complainant shall be notified in writing if a delay occurs or if the investigative process requires more time.
>
> * * * * *
>
> Dr. Page has been harmed by the faulty Complaint the AOTA initiated against him now for almost *eight months*. With this passage of time, no notice in writing from the AOTA, and no substantive response to the issues, the AOTA and Ethics Commission have violated, inter alia, Enforcement Procedure 2.5.1. As the 'Enforcement Procedures help ensure compliance with the Code, objectivity, and fundamental fairness to all persons who may

be parties in an ethics complaint,' and these procedures have been continually violated, the only acceptable remedy to Dr. Page is that the AOTA dismiss the Complaint. We hereby request that the AOTA do so in writing and conclude this investigation by April 29, 2022.

21.    On or about May 10, 2022, the AOTA claimed it was extending the investigation for good cause. Then on May 19, 2022 the AOTA indicated it had "amended the original complaint" to include Dr. Page's supposed violation of the following Code standards:

> •      Avoid dual relationships, conflicts of interest, and situations in which a practitioner, educator, student, researcher, or employer is unable to maintain clear professional boundaries or objectivity. (Nonmaleficence, Standard 2F)
> •      Avoid engaging in sexual activity with a recipient of service, including the client's family or significant other, student, research participant, or employee, while a professional relationship exists. (Nonmaleficence, Standard 2G)
> •      Refrain from verbal, physical, emotional, or sexual harassment of peers or colleagues. (Fidelity, Standard 6F)
> •      Refrain from actions that reduce the public's trust in occupational therapy. (Fidelity, Standard 6L)

The May 10 and May 19 letters are not attached because they are confidential and already reasonably believed to be in the possession of Defendant.

22.    Neither amending the Complaint nor attempting to extend the investigation after the fact are permitted by the Procedures.

23.    On or about June 17, 2022 Dr. Page caused a letter to be written to Defendant AOTA indicating that its enforcement procedures provided it no right to amend the Complaint and that he did not violate the Code standards (the "June 2022 Letter"). The June 2022 Letter is not attached because it is confidential and reasonably believed to be in the possession of Defendant.

6

24.     On or about July 22, 2022 the AOTA wrote to Dr. Page and indicated the formal sanction of Revocation against him (the "July 2022 Letter"). The July 2022 Letter is not attached because it is confidential and reasonably believed to be in the possession of Defendant.

25.     On or about August 20, 2022 Dr. Page caused a letter to be written to Defendant appealing the formal sanction of Revocation and refuting the basis for which the Revocation was based (the "July 2022 Letter"). The July 2022 Letter is not attached because it is confidential and reasonably believed to be in the possession of Defendant.

26.     On or about October 4, 2022, Dr. Page sent a communication to Defendant indicating that he sought to reduce and mitigation of the revocation sanction in accordance with the Procedures. The communication is not attached because it is confidential and reasonably believed to be in the possession of Defendant.

27.     Having not received a substantive response to his request—and in light of the continual infractions of the Procedures and demonstrations of AOTA's bad faith, on or about October 21, 2022, Dr. Page wrote to the AOTA's President and Executive Director indicating in part that:

The Committee's mistakes and infractions of the "Procedures" include:

- Providing the wrong Enforcement Procedures version in its original complaint letter to me (dated 9/14/21)
- Citing nonexistent passages of the Enforcement Procedures in its original complaint letter to me
- Submitting a complaint without evidence
- Submitting a complaint without charges or allegations
- Attempting to "cover its tracks" by citing evidence that did not exist at the time of complaint
- Submitting a complaint without citing the Procedures that were violated
- Delaying the investigation/investigation taking more than 90 days without written notice, as required by the Procedures

7

- Amending the original complaint
- In addition, some of the "Procedures" that I am alleged to have violated (once the Committee disclosed these) are not even applicable to my case

Separately - and certainly in their totality - these oversights undermine the fairness of this process, and the validity of any findings. In particular, issues such as submitting a complaint without detailing my particular actions or AOTA rules that I violated, not following the timelines prescribed by the Procedures, and citing Procedures that are not germane to the complaint are tremendous failures by the Committee, and concerns for me. Ironically, at least one of the above listed acts is in violation of the "due process" that the Committee indicated was to be followed in its 9/14/2021 letter to me.

Seventeen days ago, I requested to submit supporting statements and reduce/mitigate the suggested sanctions against me. Seven days ago, I followed up, and suggested a zoom call with the AOTA Ethics team, myself, and Mr. Chasar to expedite this process. I have not received a response to either request. And, we still have not received replies or reasoning as to why the above mentioned violations and communication lapses have occurred and/or continue to occur. There is simply no excuse for the Committee's dismal communication patterns, particularly when Mr. Chaasar and I have been compliant and timely in our responses.

I am entitled to a fair and "timely" process per the "Procedures." This has not occurred.

[sic]. This communication is not attached because it is reasonably believed to already be in the AOTA's possession.

28. The AOTA approved Dr. Page's offer to submit a reduction and mitigation of the sanction of revocation.

29. On or about December 1, 2022 Dr. Page provided to Defendant his request to reduce the proposed sanction against him to a written reprimand (the "December 2022 Communication"). The December 2022 Communication is not attached because it is confidential and reasonably believed to be in the AOTA's possession.

30. On or about December 26, 2022 the AOTA issued a decision affirming its decision of Revocation (the "Affirmation"). The Affirmation is not attached because it is

confidential and reasonably believed to be in the AOTA's possession. The Affirmation does not specifically address any of Dr. Page's points supporting his December 2022 Communication.

## **FIRST CLAIM FOR RELIEF**
(Breach of Contract)

31.     Plaintiff hereby incorporates by reference all allegations as if fully rewritten herein.

32.     The Procedures are a contract which bind AOTA and Dr. Page.

33.     Under the Procedures Section 1.2.1, the Complaint was required to, *inter alia*, allege violations of the Standards of Conduct from the Code and provide all supporting documentation:

34.     Under the Formal Statement of Complaint form, Defendant was required to "Summarize in a written attachment the facts and circumstances, including dates and events, that support a violation of [the Code] and this complaint. Include steps, if any, that have been taken to resolve the complaint before filing."

35.     The Formal Statement of Complaint form requires that the complainant "sign and date all documents you submitted."

36.     The Procedures require that:

2.5.1 The investigation will be completed within ninety (90) calendar days of the date the Respondent or their designee receives notification that an investigation is being conducted, unless the EC determines that special circumstances warrant additional time for the investigation. All timelines noted herein can be extended for good cause at the discretion of the EC, including the EC's schedule and additional requests of the Respondent. The Investigator shall notify the Respondent and the Complainant in writing if a delay occurs or if the investigative process requires more time.

9

37. Under the Procedures, the EC may consider "the findings of fact or conclusions of law of another official body, such as a state regulatory board (SRB), the Occupational Therapy Advanced Certification Commission (OTACC), or the National Board for Certification in Occupational Therapy." *See* Procedure Sec. 2.6.2.

38. Under the Procedures, Defendant "will not initiate an investigation unless there is clear and convincing evidence that the official body's findings and conclusions are erroneous or unsupported by substantial evidence." *Id.* at Sec. 2.6.2.

39. Defendant has breached the Procedures by, *inter alia*, failing to allege violations of the Code, failing to attach, date and sign all supporting documentation, attempting to use documentation that was issued *after* the Complaint was issued, amending the Complaint, failing to complete the investigation within 90 days, provide meaningful notice to Dr. Page in writing if the investigative process requires more time, provide any showing of good cause to extend the period in which the Procedures required the investigation be completed, and failed to acknowledge the clear and convincing evidence that the official body's conclusions were erroneous or unsubstantiated evidence, and relying upon determinations from a body that is not official .

40. AOTA's breaches of the Procedures are material.

41. The AOTA's breaches allowed it to make conclusions that are not properly supported by the facts or law.

42. As a direct and proximate result of Defendant's breaches, Dr. Page is entitled to damages from Defendant in a principal amount to be determined at trial, believed to be in excess of $25,000.00, interest at the maximum rate allowed by law from the earliest date allowed by law until paid in full.

43.     As a direct and proximate result of Defendant's breaches, Dr. Page is entitled to damages from Defendant including an order that his revocation be vacated, not communicated and publicized, and rendered of no effect, and a restraining order, preliminary and permanent injunction preventing Defendant's breach, continued breach, and or threatened breach of the Procedures.

## SECOND CLAIM FOR RELIEF
(Violation of Due Process Rights)

44.     Plaintiff hereby incorporates by reference all allegations as if fully rewritten herein.

45.     Defendant is required to provide due process to Dr. Page, which includes, *inter alia*, acting in the absence of bad faith, compliance with the constitution, bylaws and regulations of the organization, including the Procedures, and compliance with natural justice.

46.     Plaintiff has and continues to violate Dr. Page's due process rights by the acts complained of herein.

47.     Defendant AOTA's repeated violations of its Procedures demonstrate its bad faith with respect to Dr. Page.

48.     As a direct and proximate result of Defendant's violation Dr. Page's due process rights, Dr. Page is entitled to damages from Defendant in a principal amount to be determined at trial, believed to be in excess of $25,000.00, interest at the maximum rate allowed by law from the earliest date allowed by law until paid in full.

49.     As a direct and proximate result of Defendant's violation of Dr. Page's due process rights, Dr. Page is entitled to damages from Defendant including an order that his revocation be vacated, not communicated, and of no effect, a restraining order,

11

preliminary and permanent injunction preventing Defendant's violations of Dr. Page's due process.

## THIRD CLAIM FOR RELIEF
(Injunctive Relief)

50.     Plaintiff hereby incorporates by reference all allegations as if fully rewritten herein.

51.     In the absence of a temporary restraining order, preliminary injunction, and permanent injunction, enjoining Defendant from acting in violation of the Procedures vacating the revocation, and publishing the revocation, Dr. Page will sustain serious, immediate, and irreparable harm for which there is no adequate remedy at law.

52.     Under Civil Rule 65, Dr. Page is entitled to a temporary restraining order, preliminary injunction, and permanent injunction, enjoining Defendant from all acts complained of herein.

**WHEREFORE** Plaintiff Stephen Page demands judgment against Defendant American Occupational Therapy Association as follows:

1.     An award of compensatory damages, in excess of $25,000, in an amount to be determined at trial;

2.     An award of treble and/or punitive damages, in an amount to be determined at trial;

3.     An award of all costs and reasonable attorney's fees incurred in this action and as a result of Defendant's violations of law;

4.     A temporary restraining order, preliminary injunction, and permanent injunction, in accordance with R.C. 1333.62, Civil Rule 65; and

5.     All other legal or equitable relief to which Plaintiff may be entitled.

Dated:  January 27, 2023

Respectfully Submitted,

REARDON & CHASAR, L.P.A.

Matthew R. Chasar (0075191)
Joseph M. Sprafka III (0085175)
455 Delta Avenue, Suite 108
Cincinnati, OH 45226-1127
Tel: (513) 827-6136
Fax: (513) 297-7900
Email: mrchasar@reardonchasar.com
Email: jmsprafka@reardonchasar.com
*Counsel for Plaintiff Stephen Page*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

Matthew R. Chasar

13